UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CASE NO.: 4:20-cv-1084 |
| | § | |
| $98,020.00 IN US CURRENCY, | § | |
| Defendant. | § | |

<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>

The United States of America files this action for forfeiture and alleges upon information and belief:

Nature of Action

1.      This is a civil forfeiture action in rem brought under:

a.      21 U.S.C. § 881(a)(6) which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, et seq.), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

Jurisdiction and Venue

2.      The Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3.      Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

<u>Defendant Property</u>

4.      The Defendant Property is $98,020.00 in U.S. currency ("Defendant Property"). Law enforcement officers seized the Defendant Property on or about November 13, 2019, from Robert Franklin ("Claimant") at the George Bush Intercontinental Airport ("IAH") in Houston, Texas. Defendant Property was located inside of Claimant's carry-on luggage and backpack. Defendant Property is on deposit in a United States Customs and Border Protection ("CBP") seized asset deposit fund account located at a Federal Reserve Bank.

5.      Claimant filed a claim with CBP contesting the administrative forfeiture of Defendant Property.  Claimant stated in his claim that he is the owner of Defendant Property.

<u>Factual Basis</u>

6.      On November 13, 2019, law enforcement agents with the United States Department of Homeland Security Investigations ("HSI") in Houston, Texas, were notified by the Transportation Security Administration ("TSA") of the discovery of bulk U.S. currency, the Defendant Property, by TSA during passenger security screening operations at IAH. The Defendant Property was carried in the carry-on luggage and backpack of Claimant, who was scheduled to fly from Houston to Los Angeles, California, with continued travel to Medford, Oregon.

7.      Agents with HSI approached Claimant at his departure gate, identified themselves as HSI agents, asked to speak with Claimant.  Claimant agreed.

8.      Claimant told agents he was traveling to Medford, Oregon, with the purpose to buy some property. Additionally, Claimant stated he was moving to Oregon to start a new life and only decided to move to Oregon a few days prior when he bought a one-way airline ticket.

9.     Medford, Oregon, is well-known to law enforcement agents for marijuana cultivation and as source city/region for distribution of marijuana on the black market.

10.     Agents told Claimant that they received a report that Claimant was traveling with a large amount of currency and asked Claimant to whom it belonged. Claimant stated the money belonged to him and he acquired the money from the sale of property.  Without prompting, Claimant retrieved documentation from inside his backpack that reflected a sale of property from on or about April 2018. (Claimant earlier implied to TSA that some of the Defendant Property was an inheritance from the passing of his mother and another relative.)

11.     Agents asked Claimant if he would open his carry-on luggage, to which Claimant agreed.  Claimant unzipped his luggage to reveal clothes folded on top of a layer of Defendant Property with an additional layer of clothing and Defendant Property beneath.  Defendant Property was wrapped in rubber bands and sorted in one-half inch thick bundles.  Agents noticed a heavily deodorized smell emanating from inside the luggage.

12.     Claimant again told agents that the Defendant Property was his and was derived from the sale of property. Claimant could not provide any information related to property he intended to buy in Oregon, nor would he provide a name of the friend he stated he was planning to stay with upon arrival to Oregon.

13.     Claimant voluntarily consented in writing to a search of his carry-on luggage and his backpack. $48,020.00 of the Defendant Property was found in twenty-three (23) rubber banded stacks in Claimant's carry-on luggage. This portion of the Defendant Property was heavily deodorized or perfumed. The remaining $50,000.00 of the Defendant Property was found in several additional stacks in Claimant's backpack.

14.     Agents smelled the odor of marijuana while searching Claimant's backpack.

15.     Within defendant's backpack, agents discovered a business card that contained several hand-written notations including "OG," "purple punch," and "sunset," all of which are varieties or strains of marijuana known to law enforcement.  These and other illegible names had corresponding numerical figures beside them believed to be the price per pound from where they are sourced.

16.     A canine trained in the detection of narcotics alerted to the presence of narcotics on Defendant Property.

17.     The Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

<u>Notice to Any Potential Claimants</u>

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

<u>Requested Relief</u>

Wherefore, the United States of America requests that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under Title 21 U.S.C. §881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney


By:     <u>*s/ Karen M. Lansden*</u>
Karen M. Lansden
Assistant United States Attorney
Federal Bar Number 3295530
Louisiana Bar Number 34632
1000 Louisiana, Suite 2300
Houston, Texas 77002
Phone: (713) 567 9413
Fax: (713) 718-3405
Karen.Lansden@usdoj.gov

<u>Verification</u>

I, Terry R. Muise, a Special Agent employed by the Department of Homeland Security, hereby verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on the 27th day of March 2020.

Terry R. Muise
Special Agent
Department of Homeland Security

6

<u>Certificate of Service</u>

  I hereby certify that a copy of the foregoing has been served upon the following in the manner indicated on March 27, 2019:

<u>Counsel for Robert Franklin</u> (certified mail/rrr)
Greg Gladden
Law Office of Greg Gladden
3017 Houston Avenue
Houston, Texas 77009

         *<u>s/ Karen M. Lansden</u>*
         Karen M. Lansden
         Assistant United States Attorney